### ROGERS v. JAMES.

#### No. 2805.

Court of Civil Appeals of Texas. Beaumont.
July 11, 1935.

Rehearing Denied July 17, 1935.

P. Harvey, of Houston, for plaintiff in error.

Jones, Jones & McCollough, of Houston, for defendant in error.

O'QUINN, Justice.

Plaintiff in error was plaintiff in the court below. The defendant in error was the defendant. For convenience we shall refer to them as plaintiff and defendant.

By suit filed April 1, 1932, plaintiff sued defendant in trespass to try title to lots 6, 7, and 8 in block 12, in Houston City Street Railway addition No. 4, city of Houston, Tex., on the south side of Buffalo bayou.

Defendant answered by general demurrer, general denial, and plea of not guilty. By cross-action defendant sued plaintiff for the title and possession of the property, and also pleaded title to the lots by the ten-year statute of limitations. He also pleaded substantial and permanent improvements made by him in good faith on the property in the sum of $15,000.

Plaintiff, by supplemental petition, answered defendant's cross-action by general denial and plea of not guilty, and specially pleaded certain facts and defensive matters which need not be stated.

The case was tried to the court without a jury and judgment rendered that plaintiff take nothing by her suit, and that the defendant, James, as plaintiff in his cross-action, recover of Mrs. Rogers the title and possession of the lots, and all costs of suit, from which judgment plaintiff Mrs. Rogers appeals by writ of error.

On Motion to Strike Brief.

Defendant has not filed any brief, but has filed a motion to strike plaintiff's brief. The grounds for the motion are: (a) Plaintiff did not file her brief in the trial court and give notice to defendant of such filing five days before filing the transcript and statement of facts in the appellate court; and (b) plaintiff filed her brief in the appellate court only fourteen days before submission, which did not give defendant a reasonable time in which to prepare and file his reply brief.

The motion is overruled. We find in the record a waiver of filing the brief in the trial court. As to the second ground—that the brief having been filed in this court only fourteen days prior to the day of submission did not give defendant a reasonable time in which to prepare and file his reply brief—an examination of the record, we think, discloses that defendant had ample time in which to prepare his brief. The record is quite short, and plaintiff's brief consists of only twelve pages, with two assignments of error, and they present practically but one question, that is, whether the property in controversy was on November 17, 1928, the date they conveyed same to defendant James, the community property of O. L. Hubbard and his wife, Mrs. E. L. Hubbard, or was the separate property of Mrs. E. L. Hubbard. The facts being brief and the

question of law not difficult, we think fourteen days a reasonable time in which the reply brief could have been prepared. Furthermore, the motion to strike the brief merely says: " * * * Plaintiff in error has been negligent in the matter of filing briefs, and defendant in error would respectfully show that because of the negligence of said plaintiff in error and her attorney in the preparation and filing of briefs as required by law and by the rules of this honorable court, defendant in error has been deprived of a reasonable opportunity to prepare and file reply briefs herein."

There are no facts stated showing why fourteen days would not have been a reasonable time to prepare the brief, nothing to show that other and pressing matters demanding the prompt and continued attention of counsel at and during the time, such as that if the time was given to the one would actually and necessarily cause neglect of the other. The statement is but the conclusion of the pleader, and shows no good reason for the striking of the brief.

## On the Merits.

On April 8, 1912, the Lincoln Jefferson University, a corporation, recovered a judgment in the justice court of Harris county, Tex., against O. L. Hubbard for the sum of $63.84, which was kept alive by executions issued from time to time. The judgment was duly abstracted, and such abstract duly recorded and indexed January 27, 1926.

On August 30, 1928, Phillip Smith conveyed the property in controversy to Mrs. E. L. Hubbard, wife of O. L. Hubbard. The deed recited a consideration of $500 cash, and further recited that the consideration was paid by Mrs. Hubbard out of her own separate property, and that the property conveyed was for her sole and separate use and benefit. This deed was recorded September 6, 1928.

On November 17, 1928, Mrs. E. L. Hubbard, joined by her husband, O. L. Hubbard, by general warranty deed conveyed the property to Dr. A. J. James for a cash consideration of $1,875. This deed was recorded November 21, 1928.

On August 4, 1931, alias execution was issued under the judgment of the Lincoln Jefferson University, and levied upon the property, and under this execution the property was sold on September 1, 1931, to D. Knodell. Sheriff's deed to Knodell was duly executed, delivered, and filed for record September 17, 1931.

On October 14, 1931, Knodell, by quitclaim deed, conveyed the property to Mrs. J. C. Rogers, the plaintiff herein. This deed was recorded September 16, 1931.

As before stated, the deciding question here is whether the property in controversy on November 17, 1928, the date that Mrs. Hubbard joined by her husband conveyed same to Dr. James, was the separate property of Mrs. Hubbard or the community property of O. L. Hubbard and his wife. The recitation in the deed established prima facie that it was the separate property of Mrs. Hubbard. Plaintiff alleged that O. L. Hubbard, at the time the deed was made to Mrs. Hubbard, was insolvent; that the property was paid for with community funds; and that O. L. Hubbard had the deed made to his wife and the recitals therein contained for the purpose of delaying and defrauding his creditors; and that Dr. James knew of and was fully advised as to this when he bought the property and accepted the deed thereto. The burden was upon plaintiff to prove these allegations. O. L. Hubbard testified for plaintiff that, when the deed from him and his wife was executed, Dr. James was present at the office of Judge Ira P. Jones, who drew the deed, and that at that time, in answer to a question from Judge Jones, he (Hubbard) told Judge Jones and Dr. James that the reason the deed was made to Mrs. Hubbard was that he was in debt —had several judgments against him that he could not pay—and for that reason the deed was made to his wife. Dr. James testified positively that no such question was asked by Judge Jones; that no such answer or statement was made by Hubbard, and that nothing was said about any judgment or judgments existing against Hubbard; that he bought the property and paid $1,875 cash for it in good faith without any notice as to its being the community property of Hubbard and wife; and that he then had four five-room frame rent houses erected thereon at a cost of $6,000. Mrs. Hubbard was not present at Judge Jones' office when the deed to Dr. James was drawn. She did not testify. Judge Jones died before the suit.

The court, after hearing the evidence, rendered judgment against the plaintiff, Mrs. Rogers, and in favor of defendant, Dr. James, on his cross-action for the ti-

tle and possession of the property. Whether the property was the separate property of Mrs. Hubbard, or the community property of O. L. Hubbard and his wife, and whether Dr. James purchased the property for a valuable consideration and without notice, were questions of fact, and the findings of the court in its judgment against the plaintiff, Mrs. Rogers, and in favor of the defendant, Dr. James, are amply supported by the evidence. The judgment should be affirmed, and it is so ordered.

Affirmed.